UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DAVID LEE FRANK,

    Plaintiff,

v.                                               Case No. 3:19cv3784-MCR-HTC

SANTA ROSA
COUNTY JAIL, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, David Lee Frank, a prisoner proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint under 42 U.S.C. § 1983 by delivering it to prison mail officials on October 15, 2019. ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). For the reasons which follow, the undersigned respectfully recommends this case be dismissed without prejudice for failure to prosecute and failure to comply with Court orders.

Upon review of the complaint, the Court determined the facts as presented failed to support a viable claim for relief under § 1983 for several reasons, including

that Plaintiff sued the Santa Rosa County Jail (an entity that cannot be sued); alleged violations under criminal statutes that provide no civil right to relief; alleged a claim of general uncleanliness, which was insufficient to constitute a violation of the Eighth Amendment; and attempted to join two (2) completely unrelated claims. *See* ECF Doc. 5.  Therefore, on November 18, 2019, the Court ordered the clerk to send Plaintiff a new § 1983 complaint form for use by prisoners and directed Plaintiff, within thirty (30) days from the date of that order, to file either a notice of voluntary dismissal or an amended complaint. *Id.*  Plaintiff did not file a notice of voluntary dismissal or an amended complaint within the time directed by the Court.

Thus, on December 26, 2019, eight (8) days after the thirty-day deadline had passed, the Court gave Plaintiff fourteen (14) days to show cause why his case should not be recommended for dismissal for failure to prosecute or comply with an order of the Court.  *See* ECF Doc. 6.  Plaintiff was told that the Court would discharge the show cause order if he complied with the Court's November 18 order within the fourteen (14) days provided.  He was also warned that failure to comply may result in a recommendation that his case be dismissed for Plaintiff's failure to prosecute and failure to follow orders of the Court without further notice.  Plaintiff's notice of voluntary dismissal, amended complaint, or response was due by January 9, 2020.

On January 8, 2020, the Court's December 26 show cause order was returned to the Court as undeliverable.  ECF Doc. 7.  Although Plaintiff did not notify the

Court of his change of address, the clerk forwarded the order to Plaintiff at the address listed on the Santa Rosa County Sheriff's website[1] and extended the deadline for Plaintiff to respond to January 21, 2020.

Plaintiff, however, has failed to comply with that extended deadline. Indeed, other than filing his initial complaint and motion to proceed *in forma pauperis* in October 2019, Plaintiff has taken no other action in this case.

Accordingly, it is respectfully RECOMMENDED:

1.   That this case be DISMISSED WITHOUT PREJUDICE for failure to prosecute and failure to comply with a Court order.

2.   That the clerk be directed to close the file.

At Pensacola, Florida, this 7th day of February, 2020.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1; 28 U.S.C. § 636.

---

[1] http://jailview.srso.net/SmartWebClient/jail.aspx

Case No. 3:19cv3784-MCR-HTC